# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA ALLEN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND<br>REHABILITATION, an agency of the<br>State of California, a public entity;<br>KEN CLARK, individually; and<br>DOES 1 - 10, Inclusive,<br><br>　　　　　　　Defendants. | 1:09-cv-00767-AWI-GSA<br><br>FINDINGS AND RECOMMENDATIONS<br>THAT DEFENDANTS' MOTION TO<br>DISMISS BE GRANTED AND THAT<br>DEFENDANT CDCR BE DISMISSED<br>WITH PREJUDICE<br><br>(Doc. 21) |

## I. FINDINGS

### A. Procedural History

On April 28, 2009, Plaintiff Juanita Allen filed a complaint for damages.  (Doc. 1.)  The Complaint states that Plaintiff is the mother, next of kin, and heir to decedent Carl Smith ("Smith").  The Complaint alleged that Defendant California Department of Corrections and Rehabilitation ("CDCR"), Warden Ken Clark, and Does 1 through 10 failed to furnish medical care for Smith in violation of California Government Code § 845.6, and that Smith's Eighth and Fourteenth Amendment rights were violated by Defendants failing to provide Smith with medical care and depriving Smith of life and liberty without due process of law.  On June 3, 2009, Defendants filed a motion to dismiss which was granted with leave to amend.  (Docs. 8, 14.)

On October 6, 2009, Plaintiff filed the First Amended Complaint.  (Doc. 19.)

On October 9, 2009, Defendants filed another motion to dismiss, seeking dismissal of the First Amended Complaint without leave to amend, arguing that CDCR is immune from all of Plaintiff's claims under the Eleventh Amendment; that the First Amended Complaint fails to state a claim against CDCR; and that Plaintiff's claims under 42 U.S.C. § 1983 based on respondeat superior against CDCR are barred.  (Doc. 21.)

On October 30, 2009, Plaintiff filed an opposition arguing that Plaintiff's claims under California Government § 845.6 are not barred by the Eleventh Amendment; that all claims alleged in the First Amended Complaint are sufficiently plead; and that CDCR is vicariously liable for the acts of its employees under California Government Code § 845.6.  (Doc. 23.)

Defendants filed a reply arguing that Eleventh Amendment Immunity is an absolute bar to Plaintiff claims against CDCR and that Plaintiff's claims against CDCR do not meet current pleading standards citing Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009).  (Doc. 24.)

The Court finds that the Eleventh Amendment bars Plaintiff's claims against CDCR.

**B.  Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6) a claim may be dismissed because of a plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), the complaint's material allegations of fact are accepted as true and construed in the light most favorable to the non-moving party.  Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th  Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The Court must also assume that general allegations embrace the necessary, specific facts to support the claim.  Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004).  However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

inferences." <u>In re Gilead Scis. Sec. Litig.</u>, 536 F.3d 1049, 1056-57 (9th Cir. 2008); <u>Sprewell v.</u>
<u>Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).  Although they may provide the
framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of
elements of a cause of action, supported by mere conclusory statements, do not suffice."
<u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937, 1949-50 (2009); <u>see also</u> <u>Warren v. Fox Family</u>
<u>Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003).  As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not
> need detailed factual allegations, a plaintiff's obligation to provide the
> 'grounds' of his 'entitlement to relief' requires more than labels and
> conclusions, and a formulaic recitation of the elements of a cause of action
> will not do. Factual allegations must be enough to raise a right to relief
> above the speculative level, on the assumption that all the allegations in
> the complaint are true (even if doubtful in fact).

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  Thus, "a complaint must contain
sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."
<u>Iqbal</u>, 129 S.Ct. at 1949.  "A claim has facial plausibility when the plaintiff pleads factual content
that allows the court draw the reasonable inference that the defendant is liable for the misconduct
alleged." <u>Iqbal</u>, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a probability requirement, but it
> asks more than a sheer possibility that a defendant has acted unlawfully.
> Where a complaint pleads facts that are merely consistent with a
> defendant's liability, it stops short of the line between possibility and
> plausibility of entitlement to relief.
> . . .
>
> Determining whether a complaint states a plausible claim for relief will . .
> . be a context specific task that requires the reviewing court to draw on its
> judicial experience and common sense.  But where the well-pleaded facts
> do not permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged – but it has not shown – that the
> pleader is entitled to relief.

<u>Iqbal</u>, 129 S.Ct. at 1949-50 (internal cites and quotes omitted).  "In sum, for a complaint to
survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from
that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v.</u>
<u>United States Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).

3

### C. The First Amended Complaint

The First Amended Complaint alleges that Plaintiff is the next of kin, heir, and successor in interest to Smith; that Smith was an inmate at California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California at the time of the events underlying this action; and that Does 1-5 are employees or agents of the CDCR working at and providing medical and other related care and treatment or had the responsibility for administering, providing, and supervising the medical care at SATF.  Among other duties, Does 1-5  had a duty to provide or summon medical care for inmates in need of medical attention, and to act within the standard of practice in the community and ensure the medical care met the standards of the Federal and California Constitutions.  The First Amended Complaint also alleges that Does 6-10 are correctional officers and/or custodial staff overseeing and supervising the activities of inmates at SATF, and among other things, had a duty to provide or summon medical care for inmates in immediate need of medical attention.

The First Amended Complaint alleges that on March 26, 2008, Smith was assaulted and injured by another inmate or unknown persons.  The First Amended Complaint alleges that this assault resulted in serious injury to Smith, whose visible signs of injury included bruising and contusions to the arms and eyes.  It was known or reasonably known that because of his injuries, Smith was physically and medically deteriorating and that he required immediate medical attention.  Does 1-10, failed to provide and/or summon medical care for Smith.  Because medical care and treatment was not provided to Smith, he collapsed and died later that same day.

The First Amended Complaint alleges that Plaintiff filed a Government Tort Claim, which was denied.

In the First Amended Complaint, Plaintiff alleges three causes of action: (1) under California Government Code § 845.6 against all of the Defendants; (2) under 42 U.S.C. § 1983 as Smith's successor in interest against Does 1 through 10 for violation of the Eighth and Fourteenth Amendments; and (3) under 42 U.S.C. § 1983 as Smith's next of kin against Does 1

through 10 for violation of the Eighth Amendment.

### D. Discussion

#### (1) Eleventh Amendment Immunity

Defendants argue that Eleventh Amendment Immunity bars all of Plaintiff's claims against CDCR.  (Doc. 21, MTD, 5:16-22.)  Plaintiff contends that CDCR is not immune from Plaintiff's claims under California Government Code section 845.6.  (Doc. 23, Opp to MTD, 3:1-9.)

"The Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity."  Wilbur v. Locke, 423 F.3d 1101, 1111 (9th Cir. 2005); Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999).  The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under Section 1983 in federal court.  Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)).  Further, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities" Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted) and precludes the adjudication of pendent state law claims against non-consenting state defendants in federal courts.  Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973-74 (9th Cir. 2004) ref. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106, (1984); Raygor v. Regents of Univ. of Minn., 534 U.S. 533, 540-541 (2002); Ashker v. Cal. Dep't of Corr., 112 F.3d 392, 394 (9th Cir.1997).

In the First Amended Complaint, it appears that Plaintiff refrained from pursuing CDCR under the Section 1983 causes of action, but attempted to pursue CDCR on a pendent state law claim under California Government Code section 845.6.  However, CDCR is immune under the Eleventh Amendment as to Plaintiff's claims raised against it – whether under Section 1983 and/or pendent state law.  Accordingly, Defendant CDCR should be dismissed with prejudice from this action.  In light of this finding, the Court does not address Defendants further

arguments that Plaintiff fails to state a claim against CDCR under Section 1983 and that CDCR

is not liable under respondeat superior for any violations under Section 1983 by its employees.

## II. **RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

      (1)     the motion to dismiss filed by Defendant CDCR, on October 9, 2009, be granted and that Defendant CDCR be DISMISSED from this action with prejudice; and

      (2)     this matter be referred back to the Magistrate Judge to open discovery for the limited purpose of identifying Defendants Doe 1 through 10.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **November 23, 2009**              _____ /s/ **Gary S. Austin**_____
                                                  UNITED STATES MAGISTRATE JUDGE